*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
August 1, 2024

*In re* A. C. L. JOHNSON, Minor.

No. 369727
Berrien Circuit Court
Family Division
LC No. 2022-000015-NA

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Respondent[1] appeals as of right the trial court's order terminating her parental rights to the minor child, AJ, under MCL 712A.19b(3)(j) (reasonable likelihood of harm). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL

Respondent was fifteen years old when she gave birth to AJ in April 2020. At some point following AJ's birth, respondent was placed into foster care. This case arose after respondent and AJ absconded from her foster-care placement. AJ was removed from respondent's care and the trial court took jurisdiction over his case.

Respondent suffers from mental illness, which petitioner, the Michigan Department of Health and Human Services (DHHS), alleged impacted her ability to parent AJ. At some points throughout this case, respondent would comply with her mental-health treatment, and obtain housing and employment. At other points, respondent would be noncompliant and would fail to engage in services. Respondent was also inconsistent in visiting AJ, and AJ's therapist opined this inconsistency was severely impacting AJ's stability and mental health. Because respondent was sometimes compliant with her case-service plan, the trial court allowed for multiple extensions before permitting DHHS to file a petition to terminate her parental rights. Eventually, however,

---

[1] The trial court also terminated the respondent-father's parental rights, but he is not a party to this appeal.

DHHS filed the petition, and the trial court granted it after finding statutory grounds for termination existed and that termination was in AJ's best interests. This appeal followed.

## II. STATUTORY GROUNDS

Respondent argues the trial court clearly erred by finding that termination of her parental rights was proper under MCL 712A.19b(3)(j). We disagree.

### A. STANDARD OF REVIEW

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). This Court reviews the trial court's determination of statutory grounds for clear error. *Id.*; MCR 3.977(K). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). "Appellate courts are obliged to defer to a trial court's factual findings at termination proceedings if those findings do not constitute clear error." *In re Rood*, 483 Mich 73, 90; 763 NW2d 587 (2009).

### B. LAW AND ANALYSIS

Termination of parental rights is proper under MCL 712A.19b(3)(j) when "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." "The harm contemplated under MCL 712A.19b(3)(j) includes emotional harm as well as physical harm." *In re Sanborn*, 337 Mich App 252, 279; 976 NW2d 44 (2021).

In terminating respondent's parental rights, the trial court recognized respondent's history of instability with respect to her mental health. It noted that, while respondent had made progress with her mental health, there was no guarantee she would progress to a point where she could reunite with AJ. It further noted that respondent's instability had negatively impacted AJ's mental health. These findings were supported by the record. Respondent was inconsistent in complying with her case-service plan, specifically her mental health treatment, and, in the periods in which she was not complying with her mental health treatment, respondent needed high-level intervention such as hospitalization. Moreover, respondent's interactions with AJ and inconsistent visits negatively impacted AJ's mental health. He would behave aggressively and suffer from night terrors when he was required to go to parenting-time visits. This is in contrast to the times parenting-time visits were suspended, during which AJ's caretakers observed a considerable improvement in his behavior. Because the trial court's findings are supported by the record, there was no clear error in its conclusion termination was proper under MCL 712A.19b(3)(j).

Respondent argues on appeal that the trial court should have declined to terminate her parental rights and instead offered her more time to complete her case-service plan. In making this argument, respondent fails to point to any authority showing why this refusal was in error; it is therefore abandoned. See *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019) (quotation marks and citation omitted) ("Insufficiently briefed issues are deemed abandoned on appeal."). Respondent also suggests that the trial court's findings in regard to her future mental

health was "speculative." But, as noted, termination is proper if there is "reasonable likelihood" of harm. MCL 712A.19b(3)(j). Given the record evidence demonstrating respondent's inability to maintain her mental stability, the trial court's finding in this regard was not clearly erroneous.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates